# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:10CR198 |
| JACOB TY HARDING, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 13, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Jay Combs.

Jacob Ty Harding was sentenced on November 16, 2011, before The Honorable Richard A. Schell, of the Eastern District of Texas, after pleading guilty to the offense of 18 U.S.C. § 924(c)(1)(A) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of N/A and a criminal history category of III, was 60 months. Jacob Ty Harding was subsequently sentenced to 60 months of imprisonment, followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and a $100 special assessment. On January 10, 2018, Jacob Ty Harding completed his period of imprisonment and began service of the supervision term.

On October 2, 2018, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 49, Sealed].  The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance.  The Defendant shall refrain from any unlawful use of a controlled substance; (2) The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) The Defendant shall not commit another federal, state, or local crime; (4) The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (5) The Defendant shall participate in a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On June 20, June 26, July 9, and July 16, 2018, the Defendant submitted urine specimens which tested positive for methamphetamine.  On June 26, 2018, the Defendant admitted both verbally and in writing to use of methamphetamine on June 20, 2018.  These urine specimens were sent to Alere Toxicology Services, where urine specimen interpretation reports determined new use occurred between the aforementioned specimen collection dates.  On September 9, 2018, the Defendant was arrested by the Plano, Texas, Police Department for committing the offenses of:  Possession of Marijuana, Criminal Trespass, Manufacture/Delivery of a Controlled Substance PG 1 (4G Less Than 200 G-Methamphetamine), Possession of a Controlled Substance in PG 1 (4G Less Than 200 G-Oxycodone), Manufacure/Delivery of a Controlled Substance PG 3 or 4 (Less than 28G – Xanax), Forgery of Government Record, and Failure to Identify Giving False/Fictitious

Information. As of this writing, the Defendant remains in the custody of the Collin County Detention Center in McKinney, Texas; (4) On August 2, 2018, the Defendant failed to report to the probation officer as instructed, as verbal instruction to report was provided on July 9, 2018; and (5) On July 19, 2018, the Defendant failed to attend substance abuse group counseling at Addiction Recovery Center, Lewisville, Texas, as instructed. On July 25, 2018, the Defendant failed to report to the random drug testing program, Addiction Treatment Services, as instructed. On August 2, 2018, the Defendant failed to attend substance abuse group counseling at Addiction Recovery Center, Lewisville, Texas, as instructed. On August 3, 2018, the Defendant failed to report to the random drug testing program, Addiction Treatment Resources, as instructed. On August 6, 2018, the Defendant failed to report to the random drug testing program, Addiction Treatment Resources, as instructed. On August 8, 2018, the Defendant failed to report to the random drug testing program, Addiction Treatment Resources, as instructed.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) allegations of the Petition, with the exception of Allegation 3, to which he pled true to those aspects of the allegation relating to Cause Nos 84-501, 84-502, 84-503, and 84-504. Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months, to run consecutively to any term imposed in relation

to his state charges, with twenty-three (23) months of supervised release to follow. In addition to any mandatory or standard conditions, the Court also recommends that the following special conditions be reimposed:

1) You must provide the probation officer with access to any requested financial information for purposes of monitoring possible indications of further involvement in illegal activity.

2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a medical Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 22nd day of May, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 4